UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00033-RLY-MPB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, David W., suffers from problems with his right leg and back that he alleges disable him. His symptoms include chronic burning, numbness, and pain in his right leg, as well as degenerative disc disease and collapsed discs in his back that cause chronic back pain. (Filing No. 6-2, ALJ Opinion at 24). He applied for disability insurance benefits on July 2, 2020. His application was initially denied and eventually made its way to a hearing before an ALJ. (*Id.* at 24–34). The ALJ denied his claim and the Appeals Council denied his request for review. (*Id.* at 3, 34).

David W. timely filed this civil action under 42 U.S.C. § 405(g) for review of that decision. (*See* Filing No. 1, Compl.). The court referred the matter to Magistrate Judge

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

Brookman on November 10, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). (Filing No. 11). Following a detailed and thorough opinion by the Magistrate Judge recommending the court affirm the Commissioner's decision, David W. objected on two grounds. He contends the ALJ, and by extension the Magistrate Judge, failed to find prepatellar bursitis with internal derangement and right knee pain to be a severe impairment despite objective medical evidence to the contrary. David W. also argues the ALJ did not provide sufficient analysis in rejecting his subjective symptoms as disabling.

Pursuant to Federal Rule of Civil Procedure 72, the court reviews these issues *de novo*, determining for itself whether the Commissioner's decision on those issues is supported by substantial evidence and no error of law occurred. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (explaining the court's role is limited to ensuring the ALJ applied the correct legal standards and is supported by substantial evidence). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). While this requires "more than a mere scintilla" of evidence, *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), "[s]ubstantial evidence is not a high threshold." *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021). The court also gives the ALJ's subjective symptom analysis special deference and only overturns it if it is "patently wrong." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

I.     Legal and Factual Background

"The Social Security Act authorizes payment of disability insurance benefits . . . to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). In

determining whether a claimant is disabled, the ALJ applies a five-step process set out in 20 CFR § 404.1520(a)(4)(i–v). *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2008). It proceeds like this: determine (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals one of the impairments listed in the appendix to the regulations; (4) whether the claimant can perform past work; and (5) whether the claimant can perform work in the national economy. 20 CFR § 404.1520(a)(4)(i–v). If the claimant is unemployed, has a severe impairment, and meets an impairment listed in the appendix, he "will automatically be found disabled." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). If the claimant only satisfies the first two steps, then he must satisfy the fourth. *Id.* Then, once step four is satisfied, the burden shifts to the Social Security Administration to establish the claimant can perform work in the national economy. *Id.*

If step three has not been satisfied, the ALJ must make an interim determination about the claimant's residual functional capacity by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe" before moving on to step four. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The ALJ uses this determination in steps four and five to determine if the claimant is able to perform his past work or other work. *See* 20 CFR § 404.1520(e), (g).

The ALJ followed this legal framework and concluded David W. was not disabled and ineligible for disability insurance benefits. (ALJ Opinion at 24–34). At the first step, the ALJ found David W. was not employed from the date of the onset of symptoms. (*Id.* at 26). Second, David W. had "the following severe impairments: lumbar degenerative

3

disc disease status post discectomy and revision discectomy; post-laminectomy syndrome; obesity; left plantar fasciitis; and osteoarthritis of right 1st interphalangeal joint." (*Id.*)  These findings did not include a finding that David W. was severely impaired due to his prepatellar bursitis with internal derangement and right knee pain. (*Id.*).  Third, David W. did not have an impairment or combination of impairments that met or equal the severity of an impairment listed in the appendix. (*Id.* at 27).  Thus, the ALJ concluded David W. was not automatically considered disabled. (*Id.*).

During the interim analysis, the ALJ found David W. had the residual functional capacity "to perform lightwork as defined in 20 CFR 404.1567(b), except he should never climb ladders, ropes, and scaffolding, but can occasionally climb ramps and stairs.  The claimant could occasionally balance, stoop, kneel, crouch, and crawl.  The claimant could frequently finger with the right upper extremity." (*Id.*).

Proceeding to the final two steps, the ALJ concluded that while David W. was unable to perform past work, given David W.'s "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" including routing clerk, cashier II, and sales attendant. (*Id.* 32–33).  Because the ALJ found the Administration carried its burden in showing David W. could work in the national economy, the ALJ concluded that David W. was not eligible for disability insurance benefits. (*Id.* at 33–34).

## II.     Discussion

### A.     Prepatellar Bursitis

David W.'s objection that the ALJ failed to find his patellar bursitis to be a severe impairment does not squarely address the Magistrate Judge's opinion.  As the R&R explained, because the ALJ found David W. *did* have severe impairments, a failure to find David W. suffered an additional severe impairment was harmless error and "is of no consequence with respect to the outcome of the case."  (Filing No. 13, R&R at 6 (quoting *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010))).  Applying *de novo* review, the court agrees with that analysis.

The ALJ found that David W. satisfied step two because he did have severe impairments.  (Filing No. 6-2 at 26).  Step two is a binary process: the claimant either has severe impairments and can move forward or they do not have severe impairments and cannot.  The ALJ allowed David W.'s claim to move forward, adding prepatellar bursitis as an additional severe impairment does not help David W.'s claim move any further than it did.  *See Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006) (explaining harmless error applies to review of an ALJ's decisions)

David W. does not address this reasoning at all, nor does he reraise his prior argument to the Magistrate Judge that this error is a "far-reaching defect" for which there cannot be harmless error.  (*Compare* Filing No. 8, Pl.'s Op. Br. at 15–16, *with* Filing No. 15, Pl.'s Objection).  That results in waiver.  *See, e.g., Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739–40 (7th Cir. 1999) (explaining a party waives review of the issues they do not object to "[i]f a party objects in the district court on some issues and not others").

Waiver aside, this argument would be unsuccessful. Regardless of whether the ALJ found the prepatellar bursitis and knee pain to be severe impairments, when considering a claimant's residual function capacity, the ALJ must consider "*all limitations* that arise from medically determinable impairments, *even those that are not severe*." *Villano*, 556 F.3d at 563 (emphases added). The ALJ did that.

In determining David W. could stand or walk, off and on, for 6 hours of an 8-hour workday, (Filing No. 6-2 at 27), the ALJ discussed David W.'s testimony about his knee pain, prepatellar bursitis, and the doctor's visits those symptoms spawned, (*id.* at 27–32). For example, the ALJ discussed November 2016, June 2017, and October 2017 doctor's visits where David W. reported burning in his legs and chronic right leg pain. (Filing No. 6-2 at 28–29). Despite these reports, David W. still had a normal gait and maintained the ability to ambulate normally. (*See, e.g.*, Filing No. 6-7 at 96 (walking into emergency room with no assistance and having normal gait)). David W. does not identify any evidence showing his knee pain limited him that the ALJ should have considered but did not. Nor does David W. identify any medical opinions that support that his knee pain limited him: the only medical opinion in the record found David W. could stand or walk, off and on, for 6 hours of an 8-hour workday. (*See* Filing No. 6-3 at 5–9, 21 (finding that regardless of pain, David W. had a normal gait, symmetrical reflexes and was alert, oriented, and appropriate)).

David W. points out that he had knee pain despite having a normal gait. But it does not matter whether David W. had pain; it matters whether he had *disabling* pain such that he cannot perform light work. The ALJ—as well as the medical opinion in the

6

record—considered evidence of David W.'s tenderness, pain, and burning sensations and concluded this did not create a disabling effect in his ability to stand or walk. (Filing 6-2 at 27–32; Filing No. 6-3 at 5, 7–8). Substantial evidence supported that finding and the court will not overturn it.

In sum, the ALJ considered David W.'s prepatellar bursitis and knee pain symptoms in determining David W.'s residual functional capacity. Any failure to consider the prepatellar bursitis and knee pain to be a severe impairment, assuming that would be an error in the first instance, was harmless error and does not result in remand.

**B.  Subjective Symptom Assessment**

David W. next argues the ALJ failed to build an accurate and logical bridge between the evidence and his conclusion because the ALJ merely "recited . . . testimony" instead of analyzing that testimony. (Pl.'s Objection at 4). The court does not find this argument persuasive.

An ALJ need only "minimally articulate" their reasoning to build a logical bridge. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008). The ALJ did that by evaluating why he found David W.'s subjective symptoms were inconsistent with his medical records and daily activities. (Filing No. 6-2 at 31). Nor does the court find the argument that the ALJ merely summarized the evidence convincing: the ALJ considered David W.'s testimony and did not find it credible that his subjective symptoms prevented him from engaging in light work in the face of his medical records and David W.'s activities of daily living. (Filing No. 6-2 at 27). That credibility determination is tied to the record evidence. And

a credibility determination "tied to the evidence in the record" may not be disturbed as patently wrong.  *Alvarado v. Colvin*, 836 F.3d 744, 749 (7th Cir. 2016).

David W. cites *Johnson v. Barnhart* for the proposition that an "administrative law judge cannot disbelieve . . . testimony solely because it seems in excess of the 'objective' medical testimony."  449 F.3d 804, 806 (7th Cir. 2006).  That is not what happened here.  At no point did the ALJ disbelieve that David W. had pain; to the contrary, the ALJ credited that David W. had pain.  (Filing 6-2 at 27 (explaining the "medically determinable impairments could reasonably be expected to cause" the pain)).  The ALJ simply disagreed that this pain was disabling due to the medical evidence and David W.'s demonstrated ability to perform daily tasks.  (*Id.* (finding "the claimant's statements concerning the intensity, persistence and limiting effects of" the pain "are not entirely consistent with the medical evidence and other evidence in the record")).  That is much different than simply disregarding a piece of testimony entirely.  *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005) (affirming district court that affirmed the ALJ because an ALJ successfully builds a logical bridge where they discount subjective testimony based on "the absence of objective medical evidence supporting the severity of the pain" and "consider[ing] that [claimant's] daily living activities were not significantly restricted").

### III.    Conclusion

The ALJ's findings were supported by substantial evidence and applied the correct legal standards.  Accordingly, the court **OVERRULES** David W.'s objection, **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing Nos. 13, 14), and **AFFIRMS**

8

the decision of the Commissioner that David W. was not entitled to disability insurance benefits. Final judgment consistent with the opinion shall issue by separate order.

**IT IS SO ORDERED** this 27th day of March 2023.

                                                      RICHARD L. YOUNG, JUDGE
                                                    United States District Court
                                                    Southern District of Indiana

Distributed Electronically to Registered Counsels of Record.